UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| THOMAS MURBY, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-16-230-R ) |
| MELINDA BAILEY et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Thomas Murby, an Oklahoma prisoner appearing pro se and proceeding *in forma pauperis*, has filed suit under 42 U.S.C. § 1983, seeking injunctive relief against several employees at Cimarron Correctional Facility ("CCF"), a privately operated prison in Cushing, Oklahoma. Compl. (Doc. No. 1) at 1-6.[1] United States District Judge David L. Russell has referred Plaintiff's case to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636. For the reasons that follow, the undersigned recommends that the Complaint be dismissed.

STANDARD OF REVIEW

The Court must screen Plaintiff's Complaint in order to identify its cognizable claims and to dismiss the pleading, or any portion thereof, if it fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 42 U.S.C.

---

[1] Citations to documents filed with the Court use the page and exhibit numbers assigned by CM/ECF. When quoting from Plaintiff's filings, the undersigned has occasionally altered capitalization, punctuation, and unambiguous abbreviations and spelling errors to improve readability.

§ 1997e(c)(1). To survive dismissal a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). A claim is facially plausible when the well-pled factual allegations, accepted as true and viewed in the plaintiff's favor, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" under the governing law. *Iqbal*, 556 U.S. at 678, 679; *see Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013). A pro se plaintiff's complaint is "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers" so that any potentially valid claim can be fairly decided on its merits. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se plaintiff must allege "facts on which a recognized legal claim could be based," *id.*, and district courts should not "construct . . . claims or grounds [for] relief" not fairly presented in the complaint, *Windsor v. Colo. Dep't of Corr.*, 9 F. App'x 967, 970 (10th Cir. 2001).

PLAINTIFF'S ALLEGATIONS AND RELIEF SOUGHT

Plaintiff suffers from a painful infection in his right ear. Compl. at 2, 4; *see generally* Compl. Ex. 1 (Doc. No. 11-1) at 4-90 (Plaintiff's written requests related to his ear infection).[2] In early 2015, specialists at the University of Oklahoma Medical Center

---

[2] The Court received Plaintiff's Complaint on March 9, 2016. Several months later, Plaintiff submitted dozens of administrative and medical requests as documentation of "how many times" he has asked CCF personnel to provide "the right and proper treatment" for his ear infection, both before and after he filed this lawsuit. Pl.'s Letter (Doc. No. 11) at 1; *see generally* Compl. Ex. 1, at 2-90 (Plaintiff's written requests dated

("OUMC") prescribed pain medications, antibiotics, and ear drops to treat the infection and related pain. Compl. Ex. 1, at 87. Doctors and nurses at CCF have also prescribed medications to relieve Plaintiff's pain and treat the underlying infection. *E.g.*, Compl. Ex. 1, at 40-46, 47, 59-67, 69-70, 72-78; *see also id.* at 74-76 (Plaintiff noting that twice-daily Ultram "helped" his pain in June and July 2015). Plaintiff alleges that unidentified CCF "medical staff has refused to order" the prescribed pain medications and that "medical staff won't bring them to" Plaintiff when they do order the medications. Compl. at 4; *see also* Compl. Ex. 1, at 19, 30. Exhibits attached to the Complaint show that Plaintiff sometimes had to wait a few weeks to receive his pain medication and that, on at least two occasions, Plaintiff had to specifically ask that the medication be dispensed as prescribed. *E.g.*, Compl. Ex. 1, at 42-43, 45-46, 50, 59-67, 68-70, 76-78.

Specialists at OUMC also told Plaintiff "that they think if they do a surgery it would stop all the infections." Pl.'s Letter at 1. Although Plaintiff alleges that "nothing has been done" on that front for "over a year," *id.*, exhibits attached to the Compliant show that Plaintiff had a preoperative hearing test in fall 2015 and visited OUMC's otolaryngology clinic at least twice between July 2015 and March 2016. *See* Compl. Ex. 1, at 13, 56, 58, 70. Plaintiff also continued to receive prescription eardrops and pain

---

between December 18, 2014, and May 16, 2016); Pl.'s Supp. Affs. (Doc. Nos. 9-1, 9-2, 10) (affidavits from other CCF prisoners describing Plaintiff's ear infection and CCF medical officials' "unsatisfactory" responses). The undersigned has considered these exhibits as though they were attached to the original pleading. *See* Fed. R. Civ. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *cf.* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").

medication (Ultram, Indocin, Percogesic) and had several appointments with CCF doctors and nurses during the same time. *See, e.g.*, Compl. Ex. 1, at 15-16, 18-19, 24, 39, 44-47, 64-65, 67-70, 72-75, 78-85. Nonetheless, when Plaintiff filed this lawsuit in March 2016 he asserted that unidentified CCF "medical doctors, nurses, [and] staff members refuse to help" regarding Plaintiff's ear infection. Compl. at 4; *see* Pl.'s Letter at 1. "[A]nother doctor and medical administrator" were assigned to Plaintiff's treatment team sometime between March and June 2016. Pl.'s Letter at 1. "They have done everything they can to help, but [with] no good results." *Id.*

### Named Defendants and Relief Sought

Plaintiff names five individual CCF employees, as well as the "medical staff" generally, as Defendants to this action: Nurse Melinda Bailey, Nurse Theresa Sellers, Warden R. Byrd, Assistant Warden Braggs, and Chief of Security Cox. Compl. at 1-3. Plaintiff seeks a court order directing Defendants to provide the "proper medical attention and . . . medications" or to transfer Plaintiff "to a facility that can help" him. *Id.* at 6; *see also* Pl.'s Letter at 1-2. Plaintiff is not seeking damages in this action. Pl.'s Letter at 1.

### ANALYSIS

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Determining whether a pleading clears this threshold is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" understanding of the constitutional violation alleged. *Iqbal*, 556

U.S. at 679; *see also Burnett*, 706 F.3d at 1236 ("Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." (quoting *Iqbal*, 556 U.S. at 678)). Plaintiff's allegations describing CCF employees' "refusal" to "properly" treat his ear infection implicates the Eighth Amendment's ban on cruel and unusual punishments. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275-76 (10th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)); *see also Phillips v. Tiona*, 508 F. App'x 737, 750 (10th Cir. 2013) (noting that the Tenth Circuit has "long assumed that employees of a private prison act under color of state law for purposes of § 1983 suits by inmates").

The Eighth Amendment imposes on states an "obligation to provide medical care for those whom [they are] punishing by incarceration." *Gamble*, 429 U.S. at 103. Because "society does not expect that prisoners will have unqualified access to healthcare," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), "it has been established that prison officials violate the Eighth Amendment only when they are deliberately indifferent to the serious medical needs of prisoners in their custody," *Oxendine*, 241 F.3d at 1276 (alterations and internal quotation marks omitted). The deliberate-indifference standard "includes both an objective and a subjective component." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014); *see also Farmer v. Brennan*, 511 U.S. 825, 845-46 (1994). The objective component "examines whether the prisoner's medical condition was sufficiently serious" to warrant Eighth Amendment protection. *Al-Turki*, 762 F.3d at 1192 (internal quotation marks omitted); *see also Hudson*, 503 U.S. at 8-9. The subjective component examines whether prison officials "acted with a sufficiently

5

culpable state of mind." *Perkins v. Kan. State Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Al-Turki*, 762 F.3d at 1192-93 (internal quotation marks omitted). "The subjective component is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quoting *Farmer*, 511 U.S. at 837).

The facts alleged in the complaint show that Plaintiff's chronic ear infection is "sufficiently serious" to satisfy the Eighth Amendment's objective component. *See* Compl. at 4; Compl. Ex. 1, at 18-19, 44-47, 58, 59-63, 69-70, 72-78. But none of Plaintiff's well-pled factual allegations, accepted as true and liberally construed in his favor, support a reasonable inference that any Defendant has "acted or failed to act despite his [or her] knowledge of a substantial risk of serious harm" to Plaintiff's health or safety. *Farmer*, 511 U.S. at 837, 842; *see also Levy v. Kafka*, 6 F. App'x 822, 823 (10th Cir. 2001) (affirming a Rule 12(b)(6) dismissal of § 1983 action seeking injunctive relief against state prison officials where the facts alleged "d[id] not satisfy the subjective component required of an Eight Amendment claim—that Mr. Levy faces a substantial risk of serious harm and that the defendants have disregarded that risk by failing to take action"). On the contrary, Plaintiff's pleading reflects that CCF medical "officials have recognized his serious medical condition and are treating it" with antibiotics and prescription-strength pain medication. *Perkins*, 165 F.3d at 811; *see also Levy*, 6 F.

6

App'x at 823 ("The material submitted by Mr. Levy demonstrate the availability of medical care—Mr. Levy . . . contends that different treatment is required to alleviate his pain and suffering."). Prison doctors and nurses also "continue[] to monitor" Plaintiff's ear infection in between his visits to OUMC's otolaryngology clinic. *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006) (noting that "an inference of deliberate indifference is unwarranted" where "a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition"). Indeed, Plaintiff concedes that his current providers "have done everything they can do to help" but their efforts simply have not produced "good results." Pl.'s Letter at 1. Thus, Plaintiff explains, he filed this lawsuit to get "the right and proper treatment" for his ear infection "whether it is at [CCF] or a different facility." *Id.*; *see also* Compl. at 6.

Plaintiff's "generalized allegations of dissatisfaction with the prison medical team's prescribed course of treatment" cannot "satisfy the subjective aspect of a deliberate-indifference claim." *White v. Kan. Dep't of Corr.*, 617 F. App'x 901, 905 (10th Cir. 2015). To be sure, Plaintiff alleges that some other course of treatment, such as ear surgery or "stronger" pain medication, might allow him to live "pain free." *See* Pl.'s Letter at 1; Compl. Ex. 1, at 9, 58. "But a difference of opinion with the medical staff as to the optimal pain-management regimen does not amount to deliberate indifference." *Todd v. Bigelow*, 497 F. App'x 839, 842 (10th Cir. 2012) (concluding that prisoner's allegation that one pain medication "was not as effective as" another pain medication was not actionable under the Eighth Amendment); *accord Levy*, 6 F. App'x at 823 (holding that prisoner's assertion that "different treatment is required to alleviate his

7

pain and suffering" did not state an Eighth Amendment claim that could support the entry of injunctive relief). "So long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met." *Self*, 439 F.3d at 1233; *see, e.g.*, *Perkins*, 165 F.3d at 811.

"Plaintiff's belief that he need[s] additional medication, other than that prescribed by the treating physician, as well as his contention" that he is being denied specific "treatment by a specialist is . . . insufficient to establish a constitutional violation." *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992). Therefore, Plaintiff has failed to state a claim upon which relief can be granted. *See Levy*, F. App'x at 823; *Perkins*, 165 F.3d at 811; *cf. White*, 617 F. App'x at 905 ("With no reasonable likelihood of prevailing on a claim that any [state prison] employee had the requisite state of mind to constitute deliberate indifference, we cannot say that Mr. White has identified a true ongoing constitutional violation upon which a preliminary injunction could be predicated.").

## RECOMMENDATION

The undersigned recommends that the Complaint (Doc. No. 1) be dismissed without prejudice because it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 21, 2016, in accordance with

28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 30th day of November, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE